LANDRIEU, J.,
concurs with reasons.
hi agree with the result reached by the majority. However, I write separately to further address the trial court’s award to Intervenors of interest from the date the funds were deposited into the registry of the court.
Relying upon this court’s prior decision in Verges v. Dimension Development Co., Inc., 08-1336 (La.App. 4 Cir. 2/10/10), 32 So.3d 310, the majority amends the trial court’s judgment to award interest only from the date of the judgment dispersing those funds. Like the present case, Verges involved the division of fees that have been deposited into the registry of the court among competing attorneys. I agree that Verges is directly on point, and that the majority is bound to follow it.
Nevertheless, I believe this particular issue in Verges was wrongly decided because the five-judge panel sitting in that case mistakenly relied upon Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978), a Supreme Court decision that involved legal interest rather than interest that has accrued on funds on deposit in the registry of the court. In Alexander, the question addressed by the Court was) ¡/‘the running of legal interest in a redhibition action-” 359 So.2d at 613 (Emphasis added). One of the elements of damages sought by the plaintiffs was the attorneys’ fees they had incurred in pursuing their redhibition claim. The Supreme Court held that the plaintiffs were entitled to legal interest from the date of formal demand on all damages awarded except for attorneys’ fees, reasoning: “The amount of attorneys’ fees due was not ascertainable until awarded by the court, and interest, therefore, will run on that demand only from the date awarded.” 359 So.2d at 613-614.
Because Verges concerned interest on money deposited into the registry of the court, rather than legal interest, it is clearly distinguishable from Alexander. In Verges (as in the present case) the trial court did not determine the amount of “legal interest” on attorneys’ fees due from one party to another, it merely divided up an amount already deposited into the registry of the court among competing attorneys who represented the same party. I therefore believe that the Verges court’s reliance upon Alexander in this circumstance was misplaced.
*516 In this situation, despite the precedent of Verges, it seems illogical for one party to benefit from interest accrued on funds ultimately awarded to another.